UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| VINCENT KNAPS | : | CIVIL ACTION NO.:_____ |
| | : | |
| VERSUS | : | JUDGE:_____ |
| | : | |
| QUALITY REFRACTORY SERVICE, | : | MAGISTRATE JUDGE: |
| INC., DAVID S. JENKINS, FREEDA | : | _____ |
| JENKINS AND JAMES JENKINS | : | |

**COMPLAINT**

NOW COMES, through undersigned counsel, Vincent Knaps, a person of full age of majority, domiciled and living in the Parish of Ascension, State of Louisiana who respectfully avers as follows:

1.

Made defendants herein are:

A. Quality Refractory Service, Inc., a Louisiana Corporation doing business in Washington Parish, State of Louisiana;

B. David S. Jenkins, a person of the full age of majority, domiciled and working in Washington Parish, State of Louisiana;

C. Freeda Jenkins, a person of the full age of majority, domiciled and working in Washington Parish, State of Louisiana; and

D. James Jenkins, a person of the full age of majority, domiciled and working in Washington Parish, State of Louisiana.

2.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

3.

This Court has supplemental jurisdiction over causes of action based on state law pursuant to 28 U.S.C. § 1367(a), as the state law claims arise out of the same nucleus of facts which support the federal claims.

4.

At all relevant times, Plaintiff was employed by Defendants as defined by the FLSA, 29 U.S.C. § 203(g).

5.

At all relevant times, Plaintiff was engaged in interstate commerce and/or in the production of goods for sale in interstate commerce.

6.

Plaintiff has been employed with Quality Refractory Service, Inc. since 2007.

7.

Plaintiff was a supervisor and was assigned to different job sites to manage factory jobs for defendant.

8.

Plaintiff Knaps was issued 157 checks for a total of $207,240.00 that he has not been paid.

9.

Plaintiff asserts this claim for damages and declaratory relief pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq.

10.

Defendants' failure to pay Plaintiff the federally mandated minimum were willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

11.

As a consequence of Defendants' violations of the FLSA, Plaintiff is entitled to recover his unpaid minimum wages, plus an additional equal amount in liquidated damages, costs of suit, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b).

12.

Plaintiff sent certified mail notice of deficient wage payment to Defendant Quality Refractory Service, Inc. on April 12, 2019.

13.

Plaintiff's daily wage rate is $264.00. Therefore, pursuant to La. R.S. 23:632, Plaintiff is entitled to 90 days penalty wages plus attorney's fees.  Two Hundred Sixty Four dollars per day times 90 equals $23,760.00 in penalty wages owed.

14.

To date, NO PAYMENT has been made.

15.

Defendant is in violation of La. R.S. 23:631(A) for failure to pay wages then due under the terms of employment.

16.

Plaintiff is entitled to wages owed, 90 days penalty wages and attorney's fees pursuant to La. R.S. 23:632.

17.

Therefore, Plaintiff prays for a total monetary demand for the reasons outlined herein and in the attached memorandum in support for the following:

    A.    Wages owed:    $ 207,240.00

  B.  Liquidated Damages: $ 207,240.00

  C.  Penalty:    $ $23,760.00

  D.  Unpaid benefits and matching taxes  $ to be determined

  E.  Attorneys fees:  $ to be determined

TOTAL DEMAND:  $438,240.00 (plus judicial interest from date of demand, interest on attorney's fees and all court costs of this proceeding).

18.

At all times relevant hereto, David Jenkins, Freeda Jenkins and James Jenkins were employers of Plaintiff.

19.

Upon information and belief, the defendants did not maintain a veil of corporate identity and the individual defendants used Quality Refractory Service, Inc. as their own personal slush fund, using up all funds and not paying plaintiff.

20.

Defendants David Jenkins, Freeda Jenkins and James Jenkins and Quality Refractory Service, Inc. are solidarily liable for the damages and wages owed to Plaintiff.

21.

An "employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C.S. § 203(d).  Therefore, David Jenkins, Freeda Jenkins and James Jenkins are solidarily liable for the wages owed to Plaintiff.

22.

At all times relevant to the claims of plaintiff, defendants were an "employer" for purposes

of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201., et. seq.

23.

In addition to the amount of unpaid wages owing to the Plaintiff, he is also entitled to an amount of liquidated damages pursuant to 29 U.S.C. § 216(B) and/or prejudgment interest.

24.

Plaintiff is also entitled to attorney's fees pursuant to 29 U.S.C. § 216(b).

25.

Defendants acted willfully and not in good faith by violating Plaintiff's rights under the fLSA for the time periods requested herein.

26.

Defendants improperly classified Vincent Knaps as an independent contractor and therefore, owes matching taxes, wages and benefits.

WHEREFORE, Plaintiff Vincent Knaps prays that summons issue to Defendants David Jenkins, Freeda Jenkins and James Jenkins and Quality Refractory Service, Inc. and that after due proceedings are had that there be judgment rendered in favor of Vincent Knaps and against defendants for the following non-exclusive damages:

a. For an award of all unpaid wages, minimum wages, overtime, in an amount to be proven at trial on damages.

b. For an award of Liquidated Damages;

c. For an award of all benefits for employees improperly mis-classified as independent contractors;

d. For an award of penalty wages under Louisiana law;

e. For an award of reasonable attorney's fees under Federal and Louisiana law;

f.        For costs of suit and expert fees;

g.        For pre and post judgment interest;

h.        And for any other relief justice and equity demand.

Respectfully submitted by:

*/s/Jean-Paul Robert*
Jean-Paul Robert, Bar # 27628
Attorney at Law, L.L.C.
8148 Highway 44
Gonzales, LA 70737
Tel:  (225) 647-9200
Fax: (225) 647-9300