UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VINCENT KNAPS | CIVIL ACTION |
| VERSUS | 19-13419 |
| QUALITY REFRACTORY SERVICE, INC., ET AL. | SECTION: "J" (3) |

## ORDER & REASONS

Before the Court is a *Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim* **(Rec. Doc. 20)** filed by Defendants Quality Refractory Services, Inc., David S. Jenkins, Freeda Jenkins, and James Jenkins. Plaintiff Vincent Knaps opposes the motion (Rec. Doc. 32). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED** but that Plaintiff should be granted leave to amend his complaint for the reasons stated herein.

## FACTS AND PROCEDURAL BACKGROUND

This litigation arises from Defendants' alleged violation of the Fair Labor Standards Act ("FLSA").[1] Plaintiff has been employed by Defendant Quality Refractory Service, Inc. ("Quality") since 2007 as a supervisor and was assigned to different job sites to manage factory jobs for Quality. Plaintiff alleges that he was issued 157 checks for a total of $207,240.00 that he has not been paid. Plaintiff also

---

[1] The facts in this section are taken from Plaintiff's Complaint, which the Court must accept as true. *See, e.g., Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

contends that he was improperly classified as an independent contractor. Plaintiff sent notice by certified mail of the deficient wage payment to Quality on April 12, 2019, but to date no payment has been made.

Plaintiff filed suit on November 4, 2019, bringing claims under the FLSA and the Louisiana Wage Payment Act, La. R.S. 23:631, *et seq*. He seeks to recover his unpaid wages of $207,240.00, liquidated damages equal to his unpaid wages, a penalty in the amount of ninety days wages, and an unspecified amount for unpaid benefits, matching taxes, and attorney's fees. Defendants filed an answer on January 17, 2020, and filed the instant motion to dismiss on December 1, 2020. The motion is before the Court on the briefs and without oral argument.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232

(5th Cir. 2009). However, "'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

## **DISCUSSION**

An employer violates the FLSA if it fails to pay covered employees a minimum wage of $7.25 per hour or fails to pay covered employees at least one and one-half times their normal rate for hours worked in excess of 40 hours per week. 29 U.S.C. §§ 206, 207. In order to state a claim for unpaid overtime or minimum wages under the FLSA, a plaintiff must plead: "(1) that there existed an employer-employee relationship during the unpaid . . . periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime [or minimum] wage requirements; and (4) the amount of overtime [or minimum wage] compensation due." *Johnson v. Heckmann Water Resources, Inc.*, 758 F.3d 627, 630 (5th Cir. 2014). Defendants contend that Plaintiff's Complaint inadequately pleads the second, third, and fourth elements.[2]

In his opposition, Plaintiff relies on deposition testimony to establish that Defendants were engaged in interstate commerce, that he worked more than 40 hours

---

[2] The Court notes that Defendants' motion is untimely as a Rule 12(b)(6) motion. *See* FED. R. CIV. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). Defendants filed their answer on January 17, 2020 (Rec. Doc. 11) and filed the instant motion on December 1, 2020. It is also arguably untimely as a motion for judgment on the pleadings, given that Defendants waited until the last possible day under the Court's scheduling order to file the motion, which has already required a continuance of the trial date. *See* FED. R. CIV. P. 12(c) ("After the pleadings are closed—*but early enough not to delay trial*—a party may move for judgment on the pleadings." (emphasis added)). Nevertheless, the motion may be properly considered under Rule 12(i). *See* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1361 (3d ed. 2020) ("[F]ederal courts have allowed untimely motions if the defense has been previously included in the answer. In this context, the motion becomes tantamount to a motion for a pretrial hearing on the defense under Rule 12(i)." (footnotes omitted)); (*see also* Rec. Doc. 11, at 5).

per week for an unspecified number of weeks, and that Defendants failed to pay him for this work because the checks he received from them bounced.[3] This is plainly deficient to demonstrate that Plaintiff's *Complaint* adequately states a claim for which relief can be granted. *See, e.g.*, *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) ("In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto.").

"To sufficiently plead individual coverage, a plaintiff must allege facts giving rise to a reasonable inference that he or she was engaged in commerce or in the production of goods for commerce." *Mejia v. Bros. Petroleum, LLC*, No. 12-2842, 2015 WL 3619894, at *5 (E.D. La. June 9, 2015). "Commerce," under the FLSA, is defined as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b).

In his Complaint, Plaintiff alleges that he "was a supervisor and was assigned to different job sites to manage factory jobs for" Defendants.[4] He also makes a conclusory assertion that he "was engaged in interstate commerce and/or in the production of goods for sale in interstate commerce,"[5] which the Court is not required to accept as true. *See Beavers*, 566 F.3d at 439. However, at his deposition, Plaintiff, a resident of Louisiana, testified that on an unspecified number of occasions,

---

[3] (*See* Rec. Doc. 32-1, at 2; Rec. Doc. 32-2, at 2-3).
[4] (Rec. Doc. 1, at 2).
[5] *Id.*

Defendants sent him to work in Mississippi.[6] This suggests that Plaintiff had some "regular contact with commerce" sufficient to support FLSA coverage. *Williams v. Henagan*, 595 F.3d 610, 621 (5th Cir. 2010). But because Plaintiff failed to include any specific factual allegations to this effect in his Complaint, his claim is inadequately pleaded.

With respect to the third element, Plaintiff must plead sufficient facts to "put the defendants on notice as to the approximate date ranges, as well as the approximate number of hours worked," for which he claims he was undercompensated. *Mejia*, 2015 WL 3619894, at *6; *cf. Connolly v. Smugglers' Notch Mgmt. Co.*, No. 09-CV-131, 2009 WL 3734123, at *3 (D. Vt. Nov. 5, 2009) ("While provision of time periods would certainly be more informative, the allegations have put the defendant on notice [of plaintiff's FLSA claim], and, with this, [the defendant] can easily determine time periods on its own by looking at company records, which it is required to keep by law."). Plaintiff's Complaint alleges that he has been employed by Defendants since 2007 and that he is owed $207,240.00 in unpaid wages, which may satisfy the fourth element but fails to allege sufficient factual matter to satisfy the third. *See Jones v. Casey's General Stores*, 538 F. Supp. 2d 1094, 1102 (S.D. Iowa Mar. 20, 2008) (holding that plaintiffs' allegations that they were entirely unpaid for certain hours of work failed to state a claim because an employer does not violate the FLSA so long as the employee's weekly wage meets the minimum wage requirement). However, Plaintiff relies on his deposition testimony to establish that he worked more

---

[6] (Rec. Doc. 32-2, at 2).

than 40 hours a week "a bunch of times," that he frequently worked 13 to 14 hours a day, seven days a week, and that he would occasionally work 24-hour days to establish that Defendants violated the FLSA.⁷ Thus, it appears Plaintiff has a plausible claim for relief, although it is inadequately pleaded in his Complaint. *See, e.g.*, *Molina-Aranda v. Black Magic Enters., LLC*, ___ F.3d ___, 2020 WL 7486307, at *5-6 (5th Cir. Dec. 21, 2020) (holding that plaintiffs' allegations that they worked 50 to 80 hours a week over a two-month period but "were not paid fully or paid at all" stated a plausible claim for relief because "[t]he allegations put the [defendants] on notice of minimum and overtime wage claims for specific time periods"); *Hoffman v. Cemex, Inc.*, No. H-09-3144, 2009 WL 4825224, at *3 (S.D. Tex. Dec. 8, 2009) (finding plaintiffs' allegations "that they regularly worked more than 40 hours per workweek, and that they were not paid time-and-a-half for those overtime hours" sufficient to state a FLSA claim); *Qureshi v. Panjwani*, No. H-08-3154, 2009 WL 1631798, at *3 (S.D. Tex. June 9, 2009) (denying motion to dismiss where plaintiffs alleged that "they were required to work in excess of a forty-hour week without overtime compensation"); *Solis v. Time Warner Cable San Antonio, L.P.*, No. 10-CA-0231, 2010 WL 2756800, at *2 (W.D. Tex. July 13, 2010) (denying motion to dismiss where plaintiffs alleged that they "routinely worked more than 40 hours per workweek, and in many workweeks in excess of 60 hours per workweek").

When granting a motion to dismiss, a district court should freely grant leave to amend the complaint unless amendment would be futile. *See, e.g.*, *United States ex*

---

⁷ (Rec. Doc. 32-2, at 2).

*rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010). Because the Court finds that Plaintiff's claims are inadequately pleaded but nevertheless plausible, the Court finds it appropriate to allow Plaintiff an opportunity to amend his Complaint and address the deficiencies identified herein.[8]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' *Motion to Dismiss for Failure to State a Claim* **(Rec. Doc. 20)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint, addressing the deficiencies identified herein, within twenty-one (21) days of this Order, or Plaintiff's Complaint will be dismissed.

**IT IS FURTHER ORDERED** that Defendants' *Motion for Leave to File Reply Memorandum* **(Rec. Doc. 35)** is **GRANTED**, and Defendants' Reply Memorandum shall be filed into the record of this proceeding.

New Orleans, Louisiana, this 13th day of January, 2021.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[8] Defendants do not argue that Plaintiff has failed to state a claim under his state law cause of action but only that the Court should decline to exercise supplemental jurisdiction over it. Accordingly, the Court does not analyze the merits of Plaintiff's state-law claim.