UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VINCENT KNAPS                                      CIVIL ACTION

VERSUS                                             19-13419

QUALITY REFRACTORY                                 SECTION: "J" (3)
SERVICE, INC.

## ORDER & REASONS

Before the Court is a *Motion for Partial Summary Judgment* **(Rec. Doc. 22)**

filed by Defendants Quality Refractory Services, Inc., David S. Jenkins, Freeda

Jenkins, and James Jenkins. Plaintiff Vincent Knaps opposes the motion (Rec. Doc.

33). Having considered the motion and memoranda, the record, and the applicable

law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation arises from Defendants' alleged violation of the Fair Labor

Standards Act ("FLSA"). Plaintiff was employed by Defendant Quality Refractory

Service, Inc. ("Quality") from 2007 until December 2015.[1] Plaintiff contends that he

is owed $207,240.00 in unpaid wages. Quality is owned entirely by Defendant David

S. Jenkins, who serves as Quality's vice president.[2] Defendant James Jenkins is

David Jenkins's son and the president of Quality.[3]

---

[1] (Rec. Doc. 22-3, at 2; Rec. Doc. 22-4, at 2).
[2] (Rec. Doc. 22-3, at 1).
[3] (Rec. Doc. 22-4, at 1).

Plaintiff brings claims for unpaid minimum and overtime wages under the FLSA and the Louisiana Wage Payment Act. In the instant motion, Defendants contend that Plaintiff's claims against James Jenkins should be dismissed because he is not a shareholder of Quality and cannot be held personally liable for its actions. Plaintiff asserts that James Jenkins qualifies as an employer under the FLSA. The motion is before the Court on the briefs and without oral argument.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing

out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *Id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *Id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

Under the FLSA, the term "employer" is defined to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Supreme Court has determined that the FLSA's definition of "employer" is to be interpreted expansively. *Falk v. Brennan*, 414 U.S. 190, 195 (1973). Thus, "[t]he term employer includes individuals with managerial responsibilities and 'substantial control over the terms and conditions of the [employee's] work." *Lee v. Coahoma Cnty.*, 937 F.2d 220, 226 (5th Cir. 1991) (quoting *Falk*, 414 U.S. at 194). "If an individual with managerial responsibilities is deemed an employer under the FLSA, the individual may be jointly and severally liable for damages resulting from the failure to comply with the FLSA." *Id.*

The Fifth Circuit uses the "economic reality" test to determine whether an individual or entity is an employer, considering whether the putative employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Gray v. Powers*, 673

F.3d 352, 354-55 (5th Cir. 2012) (quoting *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010)). Multiple individuals or entities may qualify as an employer so long as each independently satisfies this test. *Id.* at 355. Additionally, an individual can qualify as an employer even without meeting each factor, so long as the individual was "sufficiently involved in the operation of the" business. *Id.* at 357.

Plaintiff easily meets the first element, as James Jenkins testified that he has the ability to hire and fire employees.[4] As to the second element, he testified that his role at Quality includes supervising and inspecting jobs, which includes supervising employees, and that he spent 50 to 60 percent of his time supervising.[5]

However, it does not appear that Plaintiff can meet the third factor. He points to testimony that James Jenkins would write payroll checks, but not sign them,[6] which fails to establish that he determined employees' rate or method of payment. *See id.* ("[T]he evidence that [defendant] occasionally signed checks for the lounge and that bartenders casually told him how much money they made in tips during his rare trips to the club do not indicate that [defendant] determined the employees' rate or method of payment."). Moreover, Plaintiff asserts that it was actually David Jenkins who set the pay and made pay arrangements with employees.[7]

Finally, as to the fourth factor, Plaintiff has presented testimony by David Jenkins that James Jenkins maintained personnel files on employees.[8] Thus, on

---

[4] (Deposition of James Jenkins, Rec. Doc. 33-3, at 13).
[5] *Id.* at 7, 9.
[6] *Id.* at 8.
[7] (Rec. Doc. 33, at 2, 5).
[8] (Deposition of David Jenkins, Rec. Doc. 33-2, at 41).

balance, even though Plaintiff has not presented evidence that James Jenkins determined the rate and method of payment for employees, he has presented enough evidence to create a genuine issue as to whether James Jenkins was sufficiently involved in the operation of Quality to be considered an employer under the FLSA.[9] Therefore, Defendants' motion for summary judgment must be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' *Motion for Partial Summary Judgment* **(Rec. Doc. 22)** is **DENIED**.

New Orleans, Louisiana, this 14th day of January, 2021.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[9] Similarly, concerning Plaintiff's claim under the Louisiana Wage Payment Act, the Court concludes that summary judgment is improper because "[t]he crux of the issue is the degree of control that the [employment] contract affords the purported employer over the individual," *Lang v. DirecTV, Inc.*, 801 F. Supp. 2d 532, 540 (E.D. La. 2011), and the same issues of material fact exist for this claim.